ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| SAMUEL SEDA RODRÍGUEZ<br>RECURRENTE<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br>RECURRIDO | TA2025RA00424 | Revisión Administrativa procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm: GMA500-839-25 |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de febrero de 2026.

Comparece ante esta Curia, por derecho propio y en forma *pauperis*, el Sr. Samuel Seda Rodríguez (Sr. Seda Rodríguez o Recurrente). Solicita que revoquemos la *Respuesta al Miembro de la Población Correccional* que emitió la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (DCR), el 1 de diciembre de 2025. Mediante el dictamen impugnado, el DCR desestimó la solicitud del Sr. Seda Rodríguez, por falta de jurisdicción.

Adelantamos que, luego de examinar el recurso, resolvemos confirmar el dictamen recurrido. Veamos.

**I.**

Surge del expediente que, el Sr. Seda Rodríguez se encuentra actualmente recluido en el Complejo Correccional de Guayama, en el anexo de custodia mediana. Conforme a la *Solicitud de Remedio Administrativo* que presentó el Sr. Seda Rodríguez, el 17 de noviembre de 2025, recibida ante el DCR el 1 de diciembre de 2025, él está inconforme con haber sido cambiado de custodia mínima a mediana, a su entender, sin base alguna. Evaluado lo anterior, ese

mismo día, el DCR notificó el dictamen recurrido mediante el cual dispuso no tener jurisdicción sobre el petitorio del Recurrente.

En desacuerdo, el 23 de diciembre de 2025, el Recurrente acude en revisión ante esta Curia, por derecho propio. A pesar de este no haber incluido propiamente un señalamiento de error, colegimos de su escrito su descontento con la *Respuesta al Miembro de la Población Correccional* que el DCR notificó referente a su clasificación de custodia.

En cumplimiento con nuestra *Resolución,* notificada el 13 de enero de 2026, el DCR presenta su *Escrito en Cumplimiento de Resolución y Solicitud de Desestimación.* Con el beneficio de las posturas de ambas partes, resolvemos.

## II.

### A. Jurisdicción de la División de Remedios Administrativos

El DCR delegó en su División de Remedios Administrativos la atención de los reclamos sobre bonificaciones, los cuales habrán de regirse por el Reglamento Núm. 8583 de 4 de mayo de 2015, *Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional.* Al mismo tiempo, expresamente excluyó de la jurisdicción de la División de Remedios Administrativos las impugnaciones de las decisiones emitidas por algún comité a través de la Regla VI(2)(e) del Reglamento Núm. 8583. A esos efectos, la citada disposición lee:

> 2. La División no tendrá jurisdicción para atender las siguientes situaciones:
> [...]
> e. Cuando se impugne una decisión emitida por algún comité conforme a los reglamentos aprobados, según dispone la Ley de Procedimiento Administrativo Uniforme, excepto que la Solicitud de Remedio se refiera al incumplimiento del trámite correspondiente impuesto por un tribunal.

Con respecto a la reclasificación de custodia, el DCR creó el Manual Núm. 9151 de 22 de enero de 2020, *Manual para la Clasificación de los Confinados* para reglamentar y estructurar el

plan de tratamiento institucional de los miembros de la población correccional y delegó en el Comité de Clasificación y Tratamiento la facultad de evaluar y atender las reclamaciones relacionadas a la reclasificación de custodia.

**III.**

En su recurso ante esta Curia, el Recurrente cuestiona la determinación del DCR de cambiar su clasificación de custodia de mínima a mediana, sin razón alguna, y previo a haberle presentado una querella administrativa.

Por su parte, el DCR argumenta que procede la desestimación del recurso ante su incumplimiento con la Regla 59(C) del Reglamento del Tribunal de Apelaciones, atinente a los requisitos de cuerpo y contenido de un recurso de revisión administrativa. En su defecto, expone que la División de Remedios Administrativos carece de jurisdicción sobre la solicitud de remedio objeto de este recurso, por virtud de la Regla VI(2)(e) del Reglamento Núm. 8583. Añade que, las reclamaciones relacionadas a los cambios de custodia deben tramitarse de conformidad al proceso que establece el Manual Núm. 9151 y ante el Comité de Clasificación y Tratamiento.

Al entender sobre el recurso pendiente ante nuestra consideración concluimos que, el DCR actuó correctamente al disponer que la División de Remedios Administrativos carece de jurisdicción para atender la solicitud de remedios que instó el Recurrente sobre su reclasificación de custodia. Precisamos que, la Regla VI(2)(e) del Reglamento Núm. 8583 es clara a los efectos de excluir de su jurisdicción este asunto. Tal cual expuso el DCR en su alegato en oposición, los cambios de custodia están reglamentados por el Manual Núm. 9151 y corresponden dilucidarse ante el Comité de Clasificación y Tratamiento.

**IV.**

Por los fundamentos expuestos, confirmamos el dictamen administrativo recurrido.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones